# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1576

_____

Julia Mejia Cerritos,

*Petitioner*,

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 15, 2017
Filed: December 21, 2017
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Salvadoran Julia Mejia Cerritos sought asylum for herself and her two minor children based on her membership in a particular social group. Before the agency, she identified the asserted social group as "El Salvadorans who report criminal activity of the MS-13 gang," "witnesses to gang violence who report the crime or retribution to the police," or "El Salvadorans who witness gang criminal activities and

face retaliation." An immigration judge (IJ) denied her request for asylum, and the Board of Immigration Appeals dismissed her appeal. Mejia Cerritos petitions for review, contending that one or more of her proposed groups qualify as a social group for purposes of asylum relief.

We conclude that substantial evidence supports the finding that Mejia Cerritos failed to show past persecution in El Salvador, or a well-founded fear of future persecution there, due to membership in a particular social group. *See* 8 U.S.C. § 1158(b)(1)(B)(i). The proposed groups in which Mejia Cerritos and her children assert membership are not cognizable particular social groups for purposes of immigration relief. Mejia Cerritos did not demonstrate that Salvadoran society recognized any of her proposed groups as unique, and did not otherwise present evidence to support the conclusion that having witnessed and reported criminal gang activity would satisfy the particularity or social distinction factors the BIA considers when evaluating the cognizability of in a particular social group. *See Juarez Chilel v. Holder*, 779 F.3d 850, 854-55 (8th Cir. 2015). The petition for review is therefore denied. *See* 8th Cir. R. 47B.

_____